```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
OSCAR VINICIO GUALPA-MIZHQUIRI,                                   :
                                                                  :
                              Petitioner,                         :   26-CV-00156 (JAV)
                                                                  :
              -v-                                                 :   OPINION AND ORDER
                                                                  :
LADEON FRANCIS, et al.,                                           :
                                                                  :
                              Defendants.                         :
------------------------------------------------------------------X
```

JEANNETTE A. VARGAS, United States District Judge:

Petitioner Oscar Vinicio Gualpa-Mizquiri filed a petition for writ of habeas corpus, as well as accompanying motions for a temporary restraining order and preliminary injunction, on January 8, 2026, against Immigration Customs Enforcement ("ICE") Acting Field Office Director of New York LaDeon Francis, U.S. Secretary of Homeland Security Kristi Noem, ICE Acting Director Todd Lyons, and U.S. Attorney General Pamela Bondi ("the Government" or "Respondents"). ECF No. 1 ("Pet." or "Petition"). Petitioner alleges that his detention by ICE, pursuant to a 2007 removal order, unlawfully violates his Fifth Amendment right to Due Process because he was detained without notice. Pet., ¶¶ 1-3.

For the following reasons, the Petition is DENIED.

## BACKGROUND

Petitioner, a citizen of Ecuador, entered the United States without inspection at the age of 19 near San Luis, Arizona on November 6, 2006. ECF No. 14 ("Return"), Ex. 1. He was deemed "inadmissible" by the United States Border

Patrol ("USBP") and given a Notice to Appear ("NTA") for removal proceedings in Arizona immigration court. ECF No. 16 ("ICE Decl."), ¶ 4; Return, Exs. 2-3. In December 2006, an immigration judge released Petitioner on bond through an obligor and granted Petitioner's motion to change venue to New York. ICE Decl., ¶¶ 11-13; Return, Exs. 4-5. Petitioner did not appear for his master calendar hearings in New York Immigration Court on January 18, 2007, and May 31, 2007, and was thus issued an *in absentia* order of removal. ICE Decl., ¶¶ 14-15; Return, Ex. 6. On June 15, 2007, ICE issued a Form I-340B ("Notice to Obligor to Deliver Alien"), requiring Petitioner's obligor to turn Petitioner in at 26 Federal Plaza on July 23, 2007. ICE Decl., ¶ 16; Return, Ex. 8. On June 20, 2007, ICE executed a Form I-205 ("Warrant of Removal/Deportation") to effectuate Petitioner's final removal order. ICE Decl., ¶ 17; Return, Ex. 7. On July 23, 2007, Petitioner did not appear to be deported as ordered. ICE Decl., ¶ 18. Accordingly, on August 1, 2007, ICE issued Form I-323 ("Notice of Immigration Bond Breached"), informing Petitioner's obligor that Petitioner had violated his conditions of release. Return, Ex. 9. Petitioner does not appear to have had further contact with the immigration system before his arrest on January 7, 2026.

On January 7, 2026, officers arrested Petitioner and detained him pursuant to 8 U.S.C. § 1231 and Immigration and Nationality Act ("INA") § 241. *Id.*, ¶¶ 19-20; Return, Ex. 11. Officers issued Petitioner a Form I-200 ("Warrant for Arrest of Alien") and transported Petitioner to 26 Federal Plaza for post-arrest processing, where he was served with, *inter alia,* Forms I-205 ("Warrant of Removal"), I-294

("Warning to Alien Ordered Removed or Deported"), and Form I-299(a) ("Warning for Failure to Depart").  *Id.*, ¶ 21; Return, Exs. 12-13.  On January 8, 2026, he was transferred from 26 Federal Plaza to Delaney Hall Detention Facility ("Delaney Hall") in Newark, New Jersey, where he is still detained.  ICE Decl., ¶ 22.

## LEGAL STANDARDS

Petitioner brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which "authorizes a district court to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'"  *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)).  "Federal courts have jurisdiction to hear habeas corpus claims by non-citizens challenging the constitutionality of their detention."  *Demore v. Kim*, 538 U.S. 510, 516-17 (2003).

## DISCUSSION

Section 1231(a) governs the detention of people subject to final removal orders such as Petitioner.  It establishes that "[e]xcept as otherwise provided in this section," someone with a final removal order "shall [be] remove[d] . . . from the United States within a period of 90 days."  8 U.S.C. § 1231(a)(1)(A).  After the 90-day removal period expires, section 1231(a)(6) provides that three classes of persons "may be detained beyond the removal period:"  noncitizens who are (1) inadmissible, (2) removable as the result of violations of certain status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, or (3) determined by the Attorney General to be a risk to the community, or to be unlikely

to comply with the order of removal.  *Id.* § 1231(a)(6); *see id.* § 1227(a)(1)(C), (a)(2), (a)(4).  If the noncitizen is not detained pursuant to section 1231(a)(6) after the 90-day removal period and is not removed, section 1231(a)(3) provides that "the [noncitizen], pending removal, shall be subject to supervision under regulations prescribed by the Attorney General."  *Id.* § 1231(a)(3).

Petitioner claims that he is unlawfully detained because he was arrested without notice on January 7, 2026, more than 90 days after his removal order became final in 2007.  According to Petitioner, under 8 U.S.C. § 1231(a)(2)(A), ICE can only detain an individual without notice during the 90-day removal period.  Petitioner contends that, for those not originally detained during the removal period, Section 1231(a)(6) and its implementing regulations require that they be provided with notice before they can be detained beyond the removal period.  Pet., ¶ 10.  In making this argument, Petitioner largely relies upon regulations governing the procedures for revoking supervision.  Pet., ¶ 2.

> As Judge Engelmayer concluded in rejecting a similar argument,
>
> The short answer to that argument is that these provisions—and the 90-day deadline set by § 1231(a)(1)(A) for ICE to remove the noncitizen—are self-evidently addressed to noncitizens accessible to ICE.  Lin, however, did not appear for his removal hearing.  And on the record at hand, there is no basis to treat him as having been accessible to ICE, such that it could have removed him during the ensuing 90 days.
>
> [Petitioner] . . . argues that the operative provision, § 1231(a)(6), required that he be placed on supervision before detaining him.  That is wrong. The text of that provision supports the opposite. It states that a covered noncitizen "may be detained beyond the removal period and, *if released*, shall be subject to the terms of supervision in [§ 1231(a)(3)]." [8 U.S.C.] § 1231(a)(6) (emphasis added).  Congress's use

4

> of the conditional term "if released" conveyed that not all noncitizens covered by § 1231(a)(6) would be released—the obvious alternative to release being detention. And there is nothing in § 1231(a)(6) that textually required ICE to give advance notice before detaining a noncitizen pursuant to this provision. . . .
>
> [Petitioner] also asserts that ICE's regulations required it to provide notice before detaining him. But these regulations do not apply to [Petitioner], whom ICE had not previously detained and who therefore was not released on supervision. This case is thus far afield from recent ones in which this and other courts have found statutory or regulatory violations where ICE abruptly detained a noncitizen subject to a removal order and who had been released on conditions of supervision with which he or she had complied. In those cases, ICE failed to comply with mandatory procedures imposed by statute and/or regulation, including ones that required giving the noncitizen notice as to the basis for renewed detention and a prompt opportunity to be heard.

*Lin v. Francis*, No. 25 CIV. 10001 (PAE), 2025 WL 3751855, at *4 (S.D.N.Y. Dec. 29, 2025) (cleaned up).

The facts here are analogous to *Lin*. Petitioner was not released on supervision following the issuance of his final removal order, and thus the regulations regarding the revocation of supervision are inapplicable. Rather, Petitioner failed to appear for his hearing, violated his bond conditions, and absconded when ICE issued a Warrant of Removal during the removal period. On these facts, Petitioner's detention under Section 1231(a)(6) is lawful.

In light of the Court's determination that ICE did not breach any statute or regulation in detaining Petitioner, Petitioner's due process theory under the *Accardi* doctrine also fails. *See, e.g.*, *Clarry v. United States*, 85 F.3d 1041, 1047-48 (2d Cir. 1996); *Lin*, 2025 WL 3751855, at *5. *Cf. Accardi v. Shaughnessy*, 347 U.S. 260, 266-68 (1954) (holding that agency is required to abide by its own regulations).

5

## CONCLUSION

Accordingly, the Petition is DENIED.  The clerk of court is directed to close this case and terminate all pending motions.  In light of the closing of this case, the Court's order at ECF No. 7 prohibiting Petitioner's removal or transfer is no longer in effect.

SO ORDERED.

Dated: February 12, 2026
      New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge